## THE PEOPLE v. ALPHEUS SHEPARD.

*Criminal law—Evidence—Self-serving declarations.*

If it is material for a party to prove an *act* of another as tending to *inculpate* him, the accused may show what *words* accompanied the *act*, even though such testimony may be self-serving, and tend to *exculpate* him. *Dunbar v. McGill,* 69 Mich. 297 (headnote 1).

Error to Oakland. (Stickney, J.) Argued April 25, 1888. Decided April 27, 1888.

Respondent was convicted of larceny, and sentenced to

State prison for three and one-half years. Reversed and new trial granted. The facts are stated in the opinion.

*Cass E. Herrington*, for respondent.

*Moses Taggart*, Attorney General, and *Arthur R. Tripp*, Prosecuting Attorney, for the people.

[The point involved being so *conclusively* settled by the Court, the citation of foreign authorities is omitted.— REPORTER.]

CHAMPLIN, J. The error assigned in this case relates to the ruling of the circuit judge in excluding testimony of a witness, introduced by the people, called for on cross-examination.

Respondent was arraigned and put upon trial for the larceny of a horse, buggy, and harness, on August 12, 1887, at Oxford, in Oakland county.

The prosecuting attorney introduced testimony tending to prove that one Hiram Moon kept a livery stable on Gratiot avenue, in Detroit; that he had been acquainted with Shepard for 25 years; that defendant had made his home in Orion, a place three miles from Oxford, all that time. The prosecuting attorney placed Moon upon the witness stand, and proved by him that he saw Shepard on August 13, 1887, at his stable, between 9 and 10 o'clock A. M.; that he came there on foot and alone; that he next saw him about 1 o'clock P. M. He then came there with a horse and buggy, which were taken over to another barn by Shepard, and one of the witness' men. He did not see Shepard again after that.

On cross-examination the record shows the following:

" *Q*. You say that defendant came to your livery stable that Saturday morning about 9 or 10 o'clock? .

" *A*. Yes.

" *Q*. And did he tell you that he had ridden in with a fellow who claimed to have got that rig from Lapeer?

"*By Pros. Atty. Tripp.* I object to that question a incompetent and hearsay. If Mr. Shepard desires to make that defense, he can take the witness stand and be sworn.

"*By Mr. Herrington.* My brother Tripp put this witness on the stand, and asked him if defendant came to his barn, and left this horse and buggy there. Now, does he say that we cannot show what the defendant said to Moon about leaving the horse there? And, further, your honor, I propose by the next question to follow it up, and show that defendant then told Mr. Moon that he thought this rig was stolen, and that defendant thought he could get the fellow that he rode in with around to Moon's stable, and that they would catch him in that way, and that afterwards, on Sunday morning, defendant did bring this fellow around there,—the same person who, when Mr. Shepard was arrested, ran away.

"*The Court.* The objection is sustained. [Exception for defendant.]

"*Q.* Mr. Moon, did defendant tell you on Saturday, the day on which he brought the rig to your stable, that he thought it had been stolen, and he thought he could get the man who stole it around to your stable? [Objected to as incompetent. Objection sustained. Exception for defendant.]"

It appeared from the testimony of another witness, introduced by the prosecuting attorney, that on Sunday morning, August 14, Shepard and another man again went to Moon's stable; and, while there, an officer arrested Shepard for the larceny of the property, and while this was being done the other man stepped into the alley and ran away.

The people having called out the fact that Shepard went to Moon's stable at about 9 o'clock in the morning of the 13th alone, and on foot, and there saw Moon, it was competent for defendant on cross-examination to call out what was said, if anything, to Moon.

If it is material for a party to prove an act of another party as tending to inculpate him, the other party may show what words accompanied the act; and this, although it may be self-serving testimony, and tend to exculpate him. *Dunbar v. McGill,* 69 Mich. 297 (37 N. W. Rep. 285). The author-

ities in support of the proposition are numerous and uniform, many of which are collected and referred to in the brief of counsel for respondent. The weight such testimony would have in establishing the innocence of the accused is a question wholly for the jury. It was admissible in his behalf as tending to qualify or explain his presence at the stable that morning.

For the error mentioned, the conviction must be set aside, and a new trial ordered.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CAMPBELL, J., did not sit.