PEOPLE v ORA JONES

1. Homicide—Second-Degree Murder—Reckless Use of Firearms— Included Offense.

Reckless use of firearms is not a lesser included offense of second-degree murder (MCLA 752.861).

2. Criminal Law—Included Offenses.

The rule on lesser included offenses is: if the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.

3. Homicide—Murder—Included Offense—Instructions to Jury.

Use of a firearm is the *sine qua non* in the crime of the reckless use of firearms, but murder may be perpetrated by means other than a firearm; and since use of a firearm is not necessary to prove the greater crime of murder, the crime of use of a firearm is not an included offense and the trial court properly refused to so instruct (MCLA 750.316, 750.317, 752.861).

4. Homicide—Murder—Instructions to Jury—Specific Intent— Burden of Prosecution.

An instruction to the jury in a murder trial that "specific intent to kill" was a requisite finding for the jury was error, but harmless error, because it favored the defendant and, in fact, increased the burden of the prosecutor (MCLA 769.26).

5. Homicide—Prosecutor's Comments—Instructions to Jury.

The prosecutor's suggestion during his closing argument that defendant intentionally killed the victim which was a reasonable inference from the testimony rather than a statement of personal belief in the defendant's guilt was not error in any

References for Points in Headnotes
[1–3] 40 Am Jur 2d, Homicide §§ 53, 87.
[4] 40 Am Jur 2d, Homicide § 509.
[4, 5] 40 Am Jur 2d, Homicide §§ 10, 11, 280 *et seq.*
[5] 40 Am Jur 2d, Homicide § 463.

event where there was no objection, defense counsel pronounced himself satisfied with the fairness of the court and the prosecutor on two occasions, and the trial court instructed the jury that comments made by counsel were not evidence (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 January 11, 1973, at Detroit. (Docket No. 13881.) Decided February 26, 1973. Leave to appeal granted, 390 Mich —.

Ora T. Jones was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*George Schudlich,* for defendant on appeal.

Before: Lesinski, C. J., and T. M. Burns and O'Hara,* JJ.

Per Curiam. This case has been before us on another occasion. The defendant's conviction for first degree murder was reversed and he was granted a new trial. *People v Jones,* 32 Mich App 309 (1971). Mr. Jones was retried and convicted of murder in the second degree. Motions in the trial court for a new trial and judgment notwithstanding the verdict were denied. The defendant appeals by right.

The facts of the case are simple and are detailed in the prior opinion.

Defendant first cites as error the trial court's refusal to instruct on the lesser included offense of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

reckless use of firearms. Reckless use of firearms, MCLA 752.861; MSA 28.436(21), is not a lesser included offense of second degree murder. This Court in *People v Simpson,* 5 Mich App 479, 486 (1966), properly stated the rule on lesser included offenses to be as follows:

" 'If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.' " See 4 Wharton's Criminal Law and Procedure, § 1888, pp 753–754.

Murder may be accomplished by means other than the use of a firearm. See the statute regarding first-degree murder, MCLA 750.316; MSA 28.548, and that governing second-degree murder, MCLA 750.317; MSA 28.549. Murder in either of the two statutes cited may obviously be perpetrated by means other than a firearm. Use of a firearm is the *sine qua non* of the lesser crime, and since this element is not necessary to prove the greater crime, it is not an included offense. The trial court properly refused to give the requested instruction.

Defendant also claims the court erred in refusing to give an instruction that intoxication was a defense to the crime charged. No request for the instruction was made and the court is not required to instruct in this matter *sua sponte. People v Nawrocki,* 376 Mich 252 (1965); GCR 1963, 516.2.

The more serious claim of error is made in the instruction of the court that "specific intent to kill" was a requisite finding for the jury in this case. This is not the law in Michigan. *Roberts v People,* 19 Mich 401, 415 (1870); *Wellar v People,* 30 Mich 16, 18 (1874). See, also, *People v Acosta,* 16 Mich App 249 (1969). In this case the use of the

words "specific intent" by the trial court was error. However, the error favored the defendant. He was not entitled to a charge which, in fact, increased the burden of the prosecutor. We find that the error complained of was harmless. MCLA 769.26; MSA 28.1096.

Finally, the defendant now objects to the conduct of the prosecutor during his closing argument. The prosecutor suggested that the accused "intentionally killed her". Here the prosecutor was arguing a reasonable inference from the testimony given rather than stating a personal belief in the defendant's guilt. Once again, no objection was registered with the court. Indeed, counsel pronounced himself satisfied with the fairness of the court and the prosecutor on two occasions. GCR 1963, 516.2. Additionally, the trial court instructed the jury that comments made by counsel during the course of argument were not evidence.

We find sufficient evidence contained in the record to support the jury's verdict.

Affirmed.