PEOPLE v WARREN

1. EVIDENCE—PART OF CONVERSATION—RULE OF COMPLETENESS.

When any part of an oral argument has been put in evidence by one party, the opponent may afterwards, on cross-examination or re-examination, put in the remainder of what was said on the same subject at the same time.

2. CRIMINAL LAW—CONFESSIONS—ADMISSIONS—SELF-SERVING STATEMENTS.

An accused in a criminal prosecution in which an admission is introduced in evidence against him is entitled to the benefit of the entire conversation, even though a part of that conversation is self-serving.

3. EVIDENCE—HEARSAY—EXCITED UTTERANCE EXCEPTION—SELF-SERVING DECLARATION.

The fact that a declaration is self-serving does not exclude it from the spontaneous or excited utterance exception to the hearsay rule.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—LANGUAGE OF STATUTE—MISDEMEANOR.

A charge to the jury on reckless use of firearms which quoted the statute, including language that violation was a misdemeanor, was proper.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 255.
[2] 29 Am Jur 2d, Evidence § 599.
  Right of defendant in criminal case, where state has introduced incriminating portion of conversation or statements made by him, to elect or introduce in evidence his exculpatory statements. 118 ALR 138.
[3] 29 Am Jur 2d, Evidence §§ 543, 549, 621.
[4] 75 Am Jur 2d, Trial § 925.
[5] 40 Am Jur 2d, Homicide §§ 43, 44.
[6] 40 Am Jur 2d, Homicide § 42.
[7] 75 Am Jur 2d, Trial § 192.
[8] 75 Am Jur 2d, Trial §§ 305, 306.

5. Homicide—Murder—Lesser Included Offenses—Reckless Use of Firearms.

 The crime of reckless use of a firearm is not a lesser included offense of the crime of murder because a firearm is not a necessary element of the crime of murder, although it is often the tool used.

6. Homicide—Voluntary Manslaughter—Involuntary Manslaughter—Instructions to Jury.

 A defendant's request for an instruction on manslaughter in a murder trial necessitates a charge distinguishing voluntary and involuntary manslaughter where evidence has been introduced supporting the defendant's theory that the killing was accidental.

7. Criminal Law—Prosecutor's Remarks—Guilt of Defendant.

 A prosecutor may not express to the jury his personal belief in the guilt of defendant.

8. Criminal Law—Prosecutor's Remarks—Witnesses—Credibility.

 A prosecutor's statements that he was biased and could not believe that certain prosecution witnesses would lie border on the line between permissible argument and improperly vouching for the witnesses' credibility.

Appeal from Calhoun, Ronald M. Ryan, J. Submitted February 5, 1974, at Grand Rapids. (Docket No. 16436.) Decided October 15, 1975.

George T. Warren was convicted of second-degree murder. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stanley Everett,* Prosecuting Attorney, for the people.

*James R. Neuhard,* State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and Allen and O'Hara,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. During the course of defendant's jury trial on a charge of first-degree murder, the prosecutor sought to introduce tape-recorded statements by defendant made at the police station shortly after the alleged homicide. Defense counsel agreed to the admissibility of the entire tape recording, and stipulated that defendant had been given *Miranda* warnings. While part of the tape recording was received into evidence, the remainder was excluded by the trial court as self-serving. Defendant was convicted of second-degree murder, MCLA 750.317; MSA 28.549, and sentenced to 15 to 40 years in prison.

Defendant filed an appeal of right, maintaining, among other things, that the trial court committed reversible error in failing to admit the entire tape-recorded conversation into evidence. Owing to mechanical difficulty in the tape, this Court was unsuccessful in its endeavor to listen to the excluded portion of the tape recording, and remanded the case back to the trial court for a complete record. The malfunction has been corrected, our examination of the tape recording indicates defendant's statements are audible, and we reverse. The rule of completeness entitled defendant to have the entire recorded communication admitted into evidence, and the trial court reversibly erred in excluding portions thereof, on the grounds they were self-serving.[1]

One finds at 7 Wigmore, Evidence (3d ed), § 2115, p 529, the following relevant proposition:

---

[1] Labeling the statements as spontaneous or excited utterances cannot excuse the trial court's action: " * * * the fact that a declaration is self-serving does not exclude it from the spontaneous or excited utterance exception." *Browning v Spiech,* 63 Mich App 271; 234 NW2d 479 (1975). Indeed, as far as the doctrine of completeness is concerned, the reason for admissibility should normally have no bearing on whether the entire conversation should be let into evidence.

" * * * [W]hen any part of an oral argument has been put in evidence by one party, the opponent may afterwards (on cross-examination or re-examination) put in the remainder of what was said *on the same subject at the same time.*"

Where the prosecutor seeks to introduce inculpatory statements of a criminal defendant the principle is *a fortiori* compelling:

"Clearly, an accused in a criminal prosecution is entitled to the benefit of the entire conversation in which an admission introduced in evidence against him was made, notwithstanding a part of the conversation is self-serving as to him." 29 Am Jur 2d, Evidence, § 622, p 676.

The Michigan Supreme Court, moreover, early recognized this principle of completeness:

"And, where admissions of the accused are offered, he has a right to have the whole conversation admitted, whether the same consists of self-serving statements or not; the test being whether they form part of the conversation proved by the people." *People v Bowen,* 170 Mich 129, 136; 135 NW 824 (1912).

Also see *People v Shepard,* 70 Mich 132; 37 NW 925 (1888). *People v Hepner,* 285 Mich 631; 281 NW 384 (1938). *Cf. People v Macklin,* 46 Mich App 297, 302; 208 NW2d 62 (1973).

Although resolution of the above question effectively disposes of this appeal, we address certain raised issues which might otherwise lead to a misunderstanding at defendant's new trial.

While the trial court did not err in its charge to the jury on reckless use of firearms when it quoted the statute, including language that violation was a misdemeanor, *People v Nichols,* 391 Mich 813

(1974), *People v Tillman,* 59 Mich App 768, 774; 229 NW2d 922 (1975), the instruction ought not be given upon retrial, since reckless use of a firearm is not a lesser included offense of murder. *People v Knott,* 59 Mich App 105, 112; 228 NW2d 838 (1975): "A firearm is not a necessary element of the crime of murder or manslaughter, although it is often the tool used".

Should evidence be introduced upon retrial supporting defendant's theory that the killing was accidental, a request for an instruction on manslaughter will necessitate a charge distinguishing voluntary and involuntary manslaughter. *People v Townes,* 391 Mich 578; 218 NW2d 136 (1974).[2]

We discern no abuse of discretion by the trial court in admitting a photograph of the victim into evidence. *People v Ranes,* 63 Mich App 498; 234 NW2d 673 (1975).

As to the allegations of prosecutorial misconduct, we note that no objections were voiced by defense counsel. The Court agrees that the prosecutor misstated that witness Gamble testified she observed the gun at the time of the shooting, and erroneously pointed out that defendant "hinted maybe that cops put" the cartridge belt on the davenport. We are confidant that these misstatements will not be repeated. Moreover, the Court finds little substance to the argument that defend-

---

[2] In *People v Knott,* 59 Mich App 105, 115-116; 228 NW2d 838 (1975), a panel of this Court recognized that " * * * differentiating definitions of voluntary and involuntary manslaughter are necessary to properly present to a jury the degree of homicide 'so that they may have a clear and correct understanding of what it is they are to decide'. *[People v Townes,* 391 Mich 578, 587; 218 NW2d 136 (1974)] * * * [T]he distinction becomes particularly critical when the jury has a choice between murder and manslaughter. * * * We agree that had defendant produced evidence of accident as an alternative theory he could have asked for and received a charge distinguishing voluntary and involuntary manslaughter." *See also People v Livingston,* 63 Mich App 129, 135; 234 NW2d 176 (1975).

ant was prejudiced by erroneous statements of law by the prosecutor. The court instructed the jury to disregard the statements of law by counsel in their closing argument. A close scrutiny of the prosecutor's closing argument indicates that he did not impermissibly express his personal belief in the defendant's guilt, but, statements that he was biased and could not believe that certain prosecution witnesses would lie[3] border on the line between permissible argument and vouching for the witnesses' credibility. Compare *People v Davis,* 57 Mich App 505; 226 NW2d 540 (1975), with *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973). We urge restraint in the use of such argument on remand.

The remaining assignments of error do not require discussion.

Reversed and remanded.

---

[3] The prosecutor stated that "Frankly, I watched them, and I will confess I am biased about it. I cannot believe that they lied. I cannot believe, when Mr. Carter said he saw that gun sticking through the door, that he lied, * * * ."