PEOPLE v JONES

1. HOMICIDE—INSTRUCTIONS TO JURY—VOLUNTARY MANSLAUGHTER—INVOLUNTARY MANSLAUGHTER.

It is reversible error for a trial judge in a homicide case to fail to instruct the jury on the offense of involuntary manslaughter where the defendant's theory is that the killing was accidental and the judge has given an instruction on the offense of voluntary manslaughter; where accident is argued in a homicide case any manslaughter instruction must distinguish between voluntary and involuntary manslaughter.

2. HOMICIDE—INSTRUCTIONS TO JURY—INVOLUNTARY MANSLAUGHTER—ACCIDENTS—COURTS—CASE PRECEDENT—RETROACTIVE APPLICATION.

Precedent cases mandate the Court of Appeals to give retroactive application to a Supreme Court decision which held that in a homicide case where the defense theory is accident it is error for the trial court to omit a charge on involuntary manslaughter.

3. HOMICIDE—SECOND-DEGREE MURDER—MANSLAUGHTER—INSTRUCTIONS TO JURY—NEW TRIAL—PROSECUTOR'S OPTION.

A defendant's conviction of second-degree murder should be reversed and the matter remanded for entry of a judgment of conviction of the lesser included offense of involuntary manslaughter and for resentencing where the trial judge improperly failed to instruct the jury on the lesser included offense of involuntary manslaughter along with the instruction on voluntary manslaughter; however, if the prosecutor is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing the trial court should vacate the judgment of conviction and grant a new trial on a charge of second-degree murder.

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 54–70, 525, 528–531.
[2] 40 Am Jur 2d, Homicide § 459.
[3] 40 Am Jur 2d, Homicide §§ 512, 530–533, 558.
[4] 29 Am Jur 2d, Evidence §§ 555–557, 596.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—MIRANDA RULES—EVI-
   DENCE—IMPEACHMENT—STATEMENTS OF DEFENDANT—VOLUN-
   TARINESS OF STATEMENTS.

   Statements obtained from a defendant in violation of the *Mi-
   randa* rules, while inadmissible in the prosecution's case in
   chief, may be used to impeach the defendant's trial testimony;
   where such statements are brought forth only for impeachment
   purposes on rebuttal, a formal *Walker* hearing to determine
   the voluntariness of the statements is unnecessary.

Appeal from Kalamazoo, Raymond W. Fox, J.
Submitted April 14, 1977, at Grand Rapids.
(Docket No. 29310.) Decided July 7, 1977.

Margie Jones was convicted of second-degree
murder. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Donald A. Burge*,
Prosecuting Attorney, and *Stephen M. Wheeler*,
Chief of Appellate Division, for the people.

*Devries & Lamb, P. C.*, for defendant.

Before: D. E. HOLBROOK, P. J., and BASHARA and
R. E. A. BOYLE,* JJ.

BASHARA, J. Defendant Margie Jones was con-
victed by a jury of second-degree murder, MCLA
750.317; MSA 28.549, and appeals. She raises sev-
eral issues before this Court, one of which necessi-
tates reversal of her conviction.

The incident which precipitated the charges
against defendant took place on August 17, 1973.
Defendant and the deceased, William Smith, were
present in the apartment they had been sharing.
An argument ensued, the cause of which was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

disputed at trial. According to the testimony of defendant, who was alone with the deceased at the time of his injury, Mr. Smith became enraged and began beating her because she would not give him a portion of the rent. He reached for a knife in the course of the beating. Defendant maintained that she grabbed the deceased's wrists to prevent him from stabbing her, they tussled and both of them tripped and fell. When defendant regained her feet she discovered the deceased with the knife protruding from his chest. He subsequently died from the knife wound.

Defendant's theory of the case was that the deceased had been accidentally wounded when they fell to the floor. The prosecution argued that defendant had intentionally stabbed Smith in the course of the fight.

The trial court instructed the jury on second-degree murder and on manslaughter.[1] The manslaughter instruction was limited to voluntary manslaughter, *i.e.,* an intentional killing committed under sufficient provocation to negate a finding of malice.[2] *People v Townes,* 391 Mich 578, 589–590; 218 NW2d 136 (1974). Defendant now argues that the trial court committed reversible error by failing to additionally instruct the jury on involuntary manslaughter.

In *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), the Michigan Supreme Court held that

---

[1] MCLA 750.321; MSA 28.553.

[2] The record is unclear as to whether defendant actually requested a manslaughter instruction. The trial transcript reveals no discussion of a request. In preparation of this opinion, however, it was discovered that the defendant had written out a request for an instruction on voluntary manslaughter. A review of the trial court docket card does not show that the written request was ever filed during the trial. The court's actual instruction differed from the language of the written request. For the purposes of this appeal we are assuming that no formal request was made.

in a case where the defense theory is accident, it is error for the trial court to omit a charge on involuntary manslaughter. The Court stated:

"Appellant contends that confronted with a manslaughter instruction expressly limited to only the voluntary type the jury was precluded from finding manslaughter based on defendant's theory of the facts.

"We agree.

"The prosecutor claimed intentional shooting, the defendant maintained it was accidental. The jury was not obliged to accept either theory but could have concluded that the killing was the result of criminal negligence, e.g., involuntary manslaughter. Had the judge not instructed at all on manslaughter, there would be no reversible error, because no request for instruction on manslaughter was made. See *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975).

"Having undertaken to do so, however, it was reversible error to give a misleading instruction which recognized only the prosecution's theory but not the defendant's." 395 Mich at 393.

The *Jones* decision is consistent with earlier opinions from this Court in which it was held that in a homicide case where accident is argued any manslaughter instruction must distinguish between voluntary and involuntary manslaughter. *People v Warren,* 65 Mich App 197, 201; 237 NW2d 247 (1975), *People v Livingston,* 63 Mich App 129, 135; 234 NW2d 176 (1975), *People v Knott,* 59 Mich App 105, 115–116; 228 NW2d 838 (1975). The *Jones* decision has recently been reaffirmed. *People v Mathis,* 75 Mich App 320; 255 NW2d 214 (1977).

In the present case the failure to give an instruction on involuntary manslaughter may have

substantially affected the verdict. The facts of the case could reasonably have supported a finding of involuntary manslaughter. However, this option was precluded from the jury by the court's incomplete instruction. We feel that defendant is entitled to a new trial before a properly instructed jury.

This panel questions the retroactive application of the *Jones* decision. See the concurring opinion in *People v Harrison,* 71 Mich App 226; 247 NW2d 360 (1976). Nevertheless we are mandated to follow its holding. *People v Lank Thomas,* 399 Mich 826; 249 NW2d 867 (1977).

Accordingly, we reverse the conviction of second-degree murder and remand for entry of judgment of conviction of the lesser included offense of involuntary manslaughter and for resentencing. If, however, the prosecuting attorney is persuaded that the ends of justice would be better served, upon notification to the trial court before resentencing the trial court should vacate the judgment of conviction and grant a new trial on a charge that the defendant committed the crime of second-degree murder. *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

Defendant raised one further issue that should be discussed to avoid recurrence on remand. Prior to trial the prosecution informed the defense that no statements or admissions had been made by defendant to the police. During the prosecution's rebuttal a police officer was called as a witness and allowed, over defendant's objection, to relate the substance of a statement made by defendant shortly after the incident. The statement contradicted her trial testimony. Defendant argues that the statement could not be used as impeaching

evidence since its voluntariness had not been previously determined at a *Walker*[3] hearing.

In *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971), the United States Supreme Court held that statements obtained in violation of the *Miranda*[4] rules, while inadmissible in the prosecution's case in chief, could be used to impeach a defendant's trial testimony:

> "It does not follow from *Miranda* that evidence inadmissible against an accused in the prosecution's case in chief is barred for all purposes, *provided of course that the trustworthiness of the evidence satisfies legal standards."* 401 US at 224. (Emphasis added.)

Implicit from the *Harris* Court's language is the requirement that an otherwise inadmissible statement first be found to have been voluntarily given before it can be used to impeach. *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975).

There was no review of the voluntariness of the statement in the present case. The prosecution seeks to avoid this result by arguing that a finding of voluntariness under *Harris* is only required if the proposed evidence is a confession.

Defendant's statement to the police amounted to a denial of presence in the apartment at the time of Smith's injury. On its face the statement was exculpatory, but in the context of its use at trial it became inculpatory. Defendant's credibility was the crucial issue of the trial, and the introduction of this statement may have cast serious doubt upon her truthfulness.

---

[3] *People v Walker, (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[4] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

However, we do not believe that *Harris* or *Reed* allows us to impose the necessity of a formal *Walker* hearing on a statement brought forth only for impeachment purposes on rebuttal. The normal adversarial questions of opposing counsel should very well determine whether such a statement was voluntarily made.

Reversed and remanded.