PEOPLE v MARTIN

Docket No. 62913. Submitted August 16, 1983, at Grand Rapids.—
Decided November 22, 1983. Leave to appeal applied for.

Defendant, Larry Martin, was convicted by a jury in the Calhoun
Circuit Court of second-degree murder and possession of a
firearm in the commission of a felony. The defense relied on the
theories of self-defense and accident. The trial court, Stanley
Everett, J., instructed the jury on the elements of second-de-
gree murder and voluntary manslaughter. Defendant did not
request an instruction on manslaughter. The court also in-
structed on the defense theories of self-defense and accident. No
instruction on involuntary manslaughter was given. Defendant
appeals alleging instructional and other errors. *Held:*

1. It is error for a court to *sua sponte* instruct on the lesser
included offense of voluntary manslaughter without also in-
structing on involuntary manslaughter in a homicide action
where the defendant raises a defense of accidental shooting.

2. Once a court *sua sponte* undertakes to instruct on the
defendant's theory it must do so correctly; therefore, the trial
court erred in not instructing on involuntary manslaughter as
a lesser included offense once it undertook to *sua sponte*
instruct on voluntary manslaughter since the instruction did
not correctly convey the defendant's accident theory.

3. The instructional error cannot be deemed harmless since
the instructions allowed the jury to acquit based on the defense
theory of accident but did not allow the jury to convict on any
lesser included offense based on the accidental shooting theory.

Reversed.

1. HOMICIDE — JURY INSTRUCTIONS — VOLUNTARY MANSLAUGHTER —
INVOLUNTARY MANSLAUGHTER.

It is error for a trial court in a homicide action to *sua sponte*
instruct on the lesser included offense of voluntary manslaugh-
ter without also instructing on involuntary manslaughter
where the defendant raises a defense of accidental shooting.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 40 Am Jur 2d, Homicide §§ 525, 531.
[2, 3] 75 Am Jur 2d, Trial §§ 623, 643.

2. HOMICIDE — JURY INSTRUCTIONS — *SUA SPONTE* INSTRUCTIONS — DEFENSES.

A trial court which *sua sponte* undertakes to instruct the jury on the defendant's theory in a homicide action must do so correctly.

3. HOMICIDE — JURY INSTRUCTIONS — *SUA SPONTE* INSTRUCTIONS — VOLUNTARY MANSLAUGHTER.

A trial court's error in *sua sponte* instructing the jury in a homicide action, where the defendant relied on a theory of accident, on the lesser included offense of voluntary manslaughter without instructing on involuntary manslaughter is not harmless error where such instruction allowed the jury to acquit based on the defense theory of accident but did not allow the jury to convict on any lesser included offense based on the accidental shooting theory.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Richard M. C. Adams,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz),* for defendant on appeal.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

PER CURIAM. Defendant appeals as of right from his jury conviction of second-degree murder, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2). We find that defendant's conviction must be reversed because of instructional error.

The homicide in the present case involved a struggle between the victim and defendant during which the victim was shot with a gun. There was conflicting testimony as to whether defendant or the victim pulled out the gun, and as to whether

---

* Circuit judge, sitting on the Court of Appeals by assignment.

all the shots were fired during the struggle or whether defendant fired a final shot at the victim after the victim had fallen to the floor. The defense relied on the theories of self-defense and accident. The trial court first instructed on the elements of the charged offense, second-degree murder, and then instructed on the elements of voluntary manslaughter. The record does not reflect any request by defendant for an instruction on manslaughter. The trial court also instructed the jury on the defense theory of self-defense, instructed that defendant also claimed that the gun accidentally discharged, and instructed that if the jury did not find beyond a reasonable doubt that defendant voluntarily pulled the trigger they must find defendant not guilty of murder. No instruction on involuntary manslaughter was given.

Where a defendant in a homicide action raises a defense of accidental shooting, it is error for the court to *sua sponte* instruct on the lesser included offense of voluntary manslaughter without also instructing on involuntary manslaughter. *People v Ora Jones,* 395 Mich 379, 393; 236 NW2d 461 (1975); *People v Nickson,* 120 Mich App 681, 688-689; 327 NW2d 333 (1982); *People v Margie Jones,* 76 Mich App 601, 603-605; 257 NW2d 185 (1977). Once a court *sua sponte* undertakes to instruct on the defendant's theory, it must do so correctly; an instruction only on voluntary "heat of passion" manslaughter does not correctly convey a defendant's theory of accident, and proper instructions require an instruction on involuntary manslaughter. See *People v Ora Jones, supra,* p 393. Thus, the trial court in the instant case erred in not instructing on involuntary manslaughter as a lesser included offense once it undertook to *sua sponte* instruct on voluntary manslaughter.

The more difficult question is whether this error can be deemed harmless because the court herein did instruct the jury that, if they believed the shooting was accidental, defendant should be found not guilty of murder, and the jury nevertheless returned a verdict finding defendant guilty of second-degree murder. Thus, the present case differs from *Ora Jones* since there the court not only failed to instruct on involuntary manslaughter, but also failed to give any other instruction which adequately presented defendant's theory of accidental shooting. *People v Ora Jones, supra,* p 394. In the recent case of *People v Arthur Jones,* 115 Mich App 543; 321 NW2d 723 (1982), *lv gtd* 417 Mich 981 (1983), the majority found that failure to instruct on involuntary manslaughter required reversal while the dissent found reversal unwarranted because the jury was instructed that defendant must be acquitted if they believed the shooting was accidental, and the jury obviously rejected the defense theory of accident by convicting defendant of first-degree murder.

We find guidance in *People v Richardson,* 409 Mich 126, 138-141; 293 NW2d 332 (1980), where the defendant presented a defense of accidental shooting and the trial court instructed on first- and second-degree murder and voluntary manslaughter, but failed to instruct on involuntary manslaughter. The Court in *Richardson* held that the error required reversal, despite the jury's verdict of guilty of first-degree murder, because the instructions given deprived the jury of "any option to convict" consistent with the defense theory of accident. *People v Richardson, supra,* p 141. As in *People v Richardson, supra,* the instructions given by the trial court in the present case, while allowing the jury to acquit based on the defense theory

of accident, did not allow the jury to convict of any lesser included offense based on the accidental shooting theory. Consequently, the court's error in *sua sponte* instructing on voluntary manslaughter without instructing on involuntary manslaughter cannot be deemed harmless, and thus defendant's conviction must be reversed.

In view of our reversal based on the erroneous instructions, we need not address defendant's claim that closing remarks by the prosecutor require reversal.

Reversed.