*In re* GILLIS

Docket No. 146001. Submitted November 8, 1993, at Detroit. Decided
January 19, 1994, at 9:05 A.M.

Sharmaine Gillis, a minor, was convicted following a bench trial
in the Wayne County Probate Court, Juvenile Division, Y.
Gladys Barsamian, J., of involuntary manslaughter and was
sentenced. She appealed, alleging that the court's findings of
fact were clearly erroneous and insufficient.

The Court of Appeals *held:*

1. There was sufficient evidence to support the trial court's
judgment that the respondent caused the decedent's death, that
her justification of self-defense was negated by her use of
excessive force, and that she acted in a grossly negligent
manner by swinging a knife at the decedent.

2. The trial court did not err in considering the application of
self-defense to the charge of involuntary manslaughter.

Affirmed.

1. CRIMINAL LAW — INVOLUNTARY MANSLAUGHTER — ELEMENTS.

The elements of involuntary manslaughter are: a death caused by
the defendant, without legal justification or excuse, while the
defendant was acting in a grossly negligent manner or while
committing an unlawful act that was inherently dangerous to
human life (MCL 750.321; MSA 28.553).

2. CRIMINAL LAW — INVOLUNTARY MANSLAUGHTER — SELF-DEFENSE
— VOLUNTARY MANSLAUGHTER.

Voluntary and involuntary manslaughter are both characterized
as the unlawful killing of another without legal justification or
excuse and are distinguished from the higher crimes of murder
by the absence of malice; self-defense is a valid defense to a
charge of involuntary manslaughter (MCL 750.321; MSA
28.553).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Homicide §§ 7, 56, 70.
See ALR Index under Homicide; Manslaughter.

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the petitioner.

*Joel M. Dorf,* for the respondent.

Before: BRENNAN, P.J., and REILLY and R. J. DANHOF,* JJ.

PER CURIAM. Following a bench trial before the Wayne County Probate Court, Juvenile Division, respondent was found guilty of involuntary manslaughter, MCL 750.321; MSA 28.553. Respondent was sentenced to intensive probation under the supervision of the Department of Social Services. Respondent appeals as of right, claiming that the trial court's findings of fact were clearly erroneous and insufficient to find her guilty of involuntary manslaughter. We affirm.

Respondent was charged with manslaughter for the stabbing death of Anthony Williams. At trial, respondent did not dispute that she had caused Williams' death by stabbing him in the heart during a fight, but claimed that she was acting in self-defense. The trial court found that respondent acted in self-defense but with excessive force, and in a grossly negligent manner; respondent was thus found guilty of involuntary manslaughter.

The elements of involuntary manslaughter are: (1) a death caused by the defendant, (2) without legal justification or excuse, (3) while the defendant was acting in a grossly negligent manner or while committing an unlawful act that was inherently dangerous to human life. *People v Maghzal,*

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

170 Mich App 340, 344; 427 NW2d 552 (1988), see also *People v Heflin,* 434 Mich 482, 497, 507-508; 456 NW2d 10 (1990). Our review of the record indicates that, viewed in the light most favorable to the prosecutor, there was sufficient evidence to support the trial court's judgment that respondent caused Williams' death, that her justification of self-defense was negated by the use of excessive force, and that she acted in a grossly negligent manner by swinging a knife at Williams. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985).

Having addressed respondent's challenge to the sufficiency of the evidence, we note that, in the main, respondent seeks to impeach the validity of the trial court's findings by claiming that the court erroneously considered self-defense in the context of a charge of involuntary manslaughter. Respondent appears to believe that self-defense is not a valid defense to a charge of involuntary manslaughter.

Respondent is misled by her reliance on *People v Knott,* 59 Mich App 105, 115; 228 NW2d 838 (1975), which incorrectly states that "[s]elf-defense negates voluntary manslaughter, not involuntary manslaughter." *Id.* While the two offenses are distinct in many ways, they are both characterized as "the unlawful killing of another *without legal justification or excuse* . . . distinguished from the higher crimes of murder by the absence of malice" (emphasis added). *People v Townes,* 391 Mich 578, 589; 218 NW2d 136 (1974). *Townes* addressed the characteristics of involuntary manslaughter under the common law; the language "without legal justification or excuse" applies equally to involuntary manslaughter under the statute. *Heflin, supra.* Thus, the trial court did not err in consider-

ing the application of self-defense to a charge of involuntary manslaughter, and the validity of the court's findings was not thereby impeached.

Affirmed.