PEOPLE v. INGRAM

1. ASSAULT—EVIDENCE—BLOODSTAINED CLOTHING—ADMISSIBILITY—
INTENT TO KILL.

> Admitting into defendant's trial for assault with intent to com-
> mit murder a blouse and coat, both worn by the victim at the
> time defendant shot the victim and both bearing bloodstains
> and bullet holes was not an abuse of discretion, because such
> evidence could assist the trier of fact in weighing the victim's
> testimony and in assessing the probability of defendant's
> suggestion that the location of the wounds indicated an absence
> of intent to kill.

2. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—COM-
MENT ON PRIVILEGE.

> A police officer's testimony, during cross-examination, that de-
> fendant had stated at the time of his arrest that he did not
> want to make any statements and wanted to talk to an
> attorney did not violate defendant's constitutional or statutory
> rights.

3. CRIMINAL LAW — DEFENSES — INTOXICATION — INSTRUCTIONS TO
JURY — INTENT.

> Giving the standard instruction regarding intoxication applicable
> to a general intent crime, followed by the standard instruction
> regarding intoxication as a defense to specific intent crimes
> was not prejudicially confusing and misleading where the jury
> could have convicted defendant of one of two crimes, one
> requiring general intent, the other specific intent, because it
> was essential for the trial judge to instruct regarding the role
> of intoxication as a defense to each type of crime.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 411–413.
Admissibility, in homicide prosecution, of deceased's clothing
worn at time of killing. 68 ALR2d 903.
[2] 21 Am Jur 2d, Criminal Law § 356.
[3] 21 Am Jur 2d, Criminal Law §§ 81, 82, 107, 108.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 September 7, 1971, at Grand Rapids. (Docket No. 10817.) Decided September 29, 1971.

Ed Ingram was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Robert P. Holman,* Assistant Prosecuting Attorney, for the people.

*Peter W. Hirsch,* for defendant on appeal.

Before: Holbrook, P. J., and McGregor and T. M. Burns, JJ.

Per Curiam. Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder. MCLA § 750.84 (Stat Ann 1962 Rev § 28.279).

On the night of February 7, 1970, defendant shot and wounded his girl friend four times, outside a residence in Kalamazoo, Michigan. Defendant maintained at trial that he was too inebriated to form the specific intent requisite for conviction of the crime charged.[1] Defendant now assigns the following allegations of error:

(1) The trial court erred in admitting into evidence clothing worn by the victim, which bore bloodstains and bullet holes.

(2) Defendant was prejudiced by the testimony of a police detective that defendant did not want to

---

[1] Assault with intent to commit murder. MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).

make any statements and wanted to talk to an attorney.

(3) The trial court's instructions regarding intoxication as a defense were prejudicially confusing and misleading.

Over defendant's objection, the trial judge received into evidence a blouse and coat, both worn by the victim at the time of the shooting, and both of which bore bloodstains and bullet holes. We do not agree that these exhibits are gruesome and inflammatory, as defendant contends. Such evidence could assist the trier of fact in weighing the victim's testimony and in assessing the probability of defendant's suggestion that the location of the wounds indicated an absence of intent to kill. See *People* v. *Wright* (1891), 89 Mich 70; *People* v. *Becker* (1942), 300 Mich 562. Admission of evidence, objected to as prejudicial and inflammatory, is within the trial court's discretion. *People* v. *Eddington* (1970), 23 Mich App 210. The facts and circumstances of this case indicate no abuse of this discretion.

During cross-examination by defendant's attorney, a police detective testified that defendant "didn't want to make any statements. He said he wanted an attorney." We find no violation of defendant's constitutional or statutory rights as a result of this testimony and, since no objection was made at trial, the issue is not preserved for review. *People* v. *Webb* (1968), 13 Mich App 625; *People* v. *Matthews* (1970), 22 Mich App 619; *accord,* *United States* v. *Dolleris* (CA 6, 1969), 408 F2d 918, *cert den* 395 US 943 (89 S Ct 2014, 23 L Ed 2d 461). Furthermore, since the effect of the challenged testimony is insignificant when compared with the great weight of evidence against defendant, the principles

enunciated in *People* v. *Degraffenreid* (1969), 19 Mich App 702, are inapplicable here.

Defendant's final claim of error is that the trial court stated the standard instruction regarding intoxication applicable to a general intent crime, followed by standard instructions regarding intoxication as a defense to formation of specific intent in crimes requiring such intent. Defendant alleges that the juxtaposition of these instructions was prejudicially confusing and misleading.

Since the jury could have convicted defendant of a crime requiring either general or specific intent, it was essential for the trial judge to instruct regarding the role of intoxication as a defense to each type of crime. An appellate court considers the entire charge in reviewing alleged errors in the instructions. *People* v. *Fred W. Thomas* (1967), 7 Mich App 519. A careful perusal of the entire charge reveals that the trial judge explicitly instructed the jury regarding the proper role of intoxication as a defense to each specific intent crime of which conviction was possible. There was no error.

Affirmed.