PEOPLE v JOHNSON (ON REHEARING)

1. CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—ERRONEOUS INSTRUCTIONS—PRESERVING QUESTION—MANIFEST INJUSTICE.

The Court of Appeals will not reverse a conviction on the basis of an erroneous instruction where there has been no objection in the trial court by the defendant unless there has been manifest injustice.

2. TRIAL—APPEAL AND ERROR—INSTRUCTIONS TO JURY—CONFUSING INSTRUCTIONS.

The Court of Appeals must consider an instruction to the jury as a whole in order to determine if one confusing paragraph rendered the entire instruction inherently confusing.

3. TRIAL—INSTRUCTIONS TO JURY—ADDITIONAL INSTRUCTIONS—JURY DELIBERATIONS—DISCRETION—NOTICE—COURT RULES.

A trial judge may in his discretion give further instructions to a jury after jury deliberations have begun; such instructions must be in the presence of or after notice to counsel (GCR 1963, 516.4).

4. TRIAL—CRIMINAL LAW—APPEAL AND ERROR—INSTRUCTIONS TO JURY—SUPPLEMENTAL INSTRUCTIONS—MOTIONS—NEW TRIAL—OBJECTIONS.

Objections to supplemental instructions given to a jury after jury deliberation has begun must be made in a motion for a new

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 906–908.

[2] 75 Am Jur 2d, Trial § 604.

[3, 5] 75 Am Jur 2d, Trial §§ 895, 1001.

[4] 58 Am Jur 2d, New Trial § 125 *et seq.*

[6] 40 Am Jur 2d, Homicide § 519.

Duty of trial court to instruct on self-defense, in absence of request by accused. 56 ALR2d 1170.

[7] 75 Am Jur 2d, Trial §§ 919–922.

[8] 30 Am Jur 2d, Evidence §§ 1125, 1126.

40 Am Jur 2d, Homicide §§ 425, 426.

trial; failure to make such a motion precludes a defendant from claiming error unless there is manifest injustice.

5. HOMICIDE—MANSLAUGHTER—INSTRUCTIONS TO JURY—ADDITIONAL INSTRUCTIONS—MANIFEST INJUSTICE.

An additional general manslaughter instruction in a homicide trial did not result in manifest injustice where it was given in response to a request by the jury for the definition of manslaughter after jury deliberations had begun.

6. HOMICIDE—INSTRUCTIONS TO JURY—SELF-DEFENSE—BURDEN OF PROOF.

An instruction to a jury in a homicide case that they should carefully scrutinize the defendant's claim of self-defense was not prejudicial to the defendant where the judge also emphasized the circumstances whereby a person is justified in committing a homicide and that the prosecution has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.

7. HOMICIDE—DEFENSES—INSANITY—INSTRUCTIONS TO JURY—BURDEN OF PROOF.

Any ambiguity which may have resulted from a trial judge's erroneous instructions to a jury on the burden of proof of the defense of insanity in a homicide trial was eliminated when the judge called the jury back and retracted part of his earlier instruction and instructed the jury that the prosecution had the duty of proving the defendant's sanity beyond a reasonable doubt rather than by a fair preponderance of the evidence.

8. HOMICIDE—MANSLAUGHTER—EVIDENCE—SUFFICIENCY OF EVIDENCE.

Evidence presented in a homicide trial which disclosed that a gun used in killing a murder victim was the same one used on a manslaughter victim, that the defendant was the only one seen with a gun, that the manslaughter victim was seen tussling with the defendant when a shot went off, and that the deaths of the two victims were close in time was sufficient evidence to support a finding of guilty beyond a reasonable doubt of manslaughter, even where there was no evidence presented that anyone actually saw the bullet strike the manslaughter victim.

Appeal from Recorder's Court of Detroit, John Patrick O'Brien, J. Submitted June 9, 1976, at Detroit. (Docket Nos. 23307, 23114.) Decided October 19, 1976. Leave to appeal denied, 399 Mich 842.

Lawrence D. Johnson was convicted of first-degree murder and manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*M. Arthur Arduin* and *Carl Ziemba,* for defendant.

Before: J. H. Gillis, P. J., and T. M. Burns and W. Van Valkenburg,* JJ.

ON REHEARING

J. H. Gillis, P. J. Defendant was charged with committing the crime of first-degree murder, MCLA 750.316; MSA 28.548. In another file consolidated for trial with the above case, defendant was charged with second-degree murder, MCLA 750.317; MSA 28.549. Defendant was convicted of first-degree murder in the first case and manslaughter, MCLA 750.321; MSA 28.553, in the second case.

Defendant appeals as of right raising five issues. In an unpublished per curiam opinion, file numbers 23307 and 23114, this Court reversed defendant's convictions on the basis of one of the issues raised.

The prosecutor moved for a rehearing and defendant answered. After a reconsideration of the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

issue previously discussed and a review of the remaining issues, we now affirm defendant's convictions.

The issue previously considered involved the following excerpt from the judge's instructions to the jury regarding insanity:

"Second, again and understand it was wrong in the violation in the right of another to be sane unless responsible to it, the defendant must be able to know and to understand the nature and quality of his act to distinguish between right and wrong at the time of the commission of the offense."

The prosecutor admits, and we agree, that as it appears on the record this particular paragraph is confusing.

There was no objection made at trial. In the absence of an objection we will not reverse unless there has been manifest injustice. *People v Cain,* 67 Mich App 433, 438; 241 NW2d 233 (1976), *People v Jones,* 66 Mich App 223, 234; 238 NW2d 813 (1975). In order to determine if this paragraph rendered the instruction inherently confusing we must consider the instruction as a whole. *People v Parsons,* 59 Mich App 79; 228 NW2d 852 (1975).

We note a similar situation addressed by our Supreme Court in the case of *People v Martin,* 392 Mich 553; 221 NW2d 336 (1974).[1] In that case, the following erroneous instruction appeared within the context of the trial transcript:

" '*In this charge I may say the People produced warrant conviction evidence which convinces you be-*

[1] We do recognize that this was not the deciding issue in *People v Martin,* 392 Mich 553; 221 NW2d 336 (1974). However, the Court did take time to address the issue and we feel that the case at bar is substantially similar.

*yond a reasonable doubt.'* (Emphasis added.)" 392 Mich at 563.

The Court stated that:

"[T]he sentence * * * [as quoted above] must be considered either a misstatement by the trial judge or an error attributable to the court reporter. Defendant, however, interprets this to mean that the people did in fact produce evidence which proved his guilt beyond a reasonable doubt. Considering the subsequent instructions which elaborate upon the meaning of reasonable doubt, it appears obvious that intelligibly stated and transcribed, the sentence would read, 'The people must produce, to warrant conviction, evidence which convinces you beyond a reasonable doubt.' No objection was raised. We are convinced that the complete instructions regarding reasonable doubt were adequately set forth and the defendant was not prejudiced." 392 Mich at 564.

We find that in the instant case the jury was sufficiently instructed on the legal defense of insanity, and that taken in its entirety the instruction is not misleading or confusing.

Three of the four remaining issues also involve the judge's instructions to the jury.

Two days after the jury began deliberating they requested the definition of manslaughter. The trial judge gave the following supplemental instruction:

"Manslaughter is defined as the unlawful and felonious killing of another without malice expressed or implied. Okay?

"Manslaughter is the unlawful and felonious—now felonious means done with the intent to commit a crime —manslaughter is the unlawful and felonious killing of another without malice. Malice, meaning a wrongful act done intentionally without legal justification or excuse. Manslaughter is the unlawful and felonious

killing of another without malice, expressed or implied, okay?"

GCR 1963, 516.4 provides:

"While the jury is deliberating the court may in its discretion further instruct the jury, in the presence of or after notice to counsel. Objections thereto shall be made in a motion for new trial."

Defendant did not make a motion for new trial. This precludes him from claiming error unless there is manifest injustice. *People v Alcala,* 396 Mich 99; 237 NW2d 475 (1976), *People v Tubbs,* 22 Mich App 549, 560; 177 NW2d 622 (1970). No manifest injustice resulted from the additional instruction. The general manslaughter instruction is sufficient. *People v Reed,* 67 Mich App 229, 236; 240 NW2d 492 (1976), *People v Knott,* 59 Mich App 105, 114; 228 NW2d 838 (1975).

Defendant also contends that the trial judge prejudiced him by instructing the jury to carefully scrutinize defendant's claim of self-defense. Again, no objection was made. The trial judge emphasized to the jury that one is justified in committing a homicide if he honestly believes his own life is in jeopardy and also instructed that the prosecution has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. The instruction is not prejudicial. *People v Statkiewicz,* 247 Mich 260; 225 NW 540 (1929), *People v Rogers,* 60 Mich App 652; 233 NW2d 8 (1975).

Defendant asserts that the trial judge improperly placed the burden of proof of insanity on him. We find that any ambiguity with relation to this issue was eliminated when, after the jury was excused, the judge called them back in and stated:

"I do want to reinstruct on one further point. We talked about burden of proof on defendant's insanity where there's evidence in the case by the defendant which tends to show at the time of the commission of the crime he was laboring under permanent or temporary insanity, it then becomes the duty of the people to prove his sanity, to prove the sanity of the defendant beyond any reasonable doubt, unless they have done so, the defendant must be acquitted. Previously I stated to you it should be by a fair preponderance of the evidence. I want to scratch that and I'm telling you they must prove it beyond a reasonable doubt."

Defendant's final claim of error is that the evidence is insufficient to support a conviction for manslaughter. The evidence at trial disclosed that the gun used in killing Battle (the first-degree murder victim) was the same one used on Henderson (the manslaughter victim). The defendant was the only one seen with the gun. Henderson was seen tussling with defendant and a shot went off. The deaths of the two victims were close in time. Although no one actually saw the bullet hit Henderson, we feel that the evidence is sufficient to support a finding of guilty beyond a reasonable doubt of manslaughter. *People v Turner,* 62 Mich App 467; 233 NW2d 617 (1975).

Affirmed.