PEOPLE v MEDRANO

Docket No. 45862. Submitted June 10, 1980, at Grand Rapids.—Decided November 19, 1980.

James B. Medrano was found guilty of criminal sexual conduct in the third degree following a jury trial in Eaton Circuit Court, Hudson E. Deming, J. Prior to trial defendant moved to suppress the admission into evidence of the blood-stained slacks and underpants worn by the complainant at the time of the sexual assault, arguing that the probative value of such evidence was outweighed by their inflammatory nature. The motion was denied. The complainant testified that the defendant, by threats and coercion, forced her to engage in sexual intercourse, during which the defendant sucked her breasts. The defendant testified that he did not threaten or coerce the complainant and that the sexual relations were consensual. The trial court refused to instruct the jury as to gross indecency but did instruct the jury as to attempted criminal sexual conduct in the third degree and criminal sexual conduct in the fourth degree. During deliberations the jury requested written definitions of the charged and lesser included offenses. The trial court provided the jury with the requested written instructions. Defendant appeals. *Held:*

1. The blood-stained clothing was relevant since it corroborated the testimony of the complainant and the examining physician that there had been sexual penetration, an element of the charged crime of criminal sexual conduct in the third degree. While relevant testimony may be suppressed if the probative value of the evidence is outweighed by its prejudicial impact, the determination of whether such evidence should be

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 260.
[2] 29 Am Jur 2d, Evidence § 251.
[3] 65 Am Jur 2d, Rape § 41.
[4] 65 Am Jur 2d, Rape § 110.
[5] 75 Am Jur 2d, Appeal and Error §§ 633, 1001.
Propriety and prejudicial effect of sending written instructions with retiring jury in criminal case. 91 ALR3d 382.

admitted is a question addressed to the discretion of the trial court.

2. Gross indecency, which may consist of oral or manual sex acts committed without consent, may be considered to be a cognate lesser included offense of criminal sexual conduct in the third degree, which involves nonconsensual sexual penetration. The trial court, therefore, should have instructed the jury as to gross indecency, since the complainant's testimony that the defendant sucked her breasts without consent would have supported the verdict of guilty of gross indecency. The failure of the trial court to instruct the jury as to gross indecency does not mandate reversal, since the court instructed the jury as to attempted criminal sexual conduct in the third degree and criminal sexual conduct in the fourth degree. Accordingly, the defendant suffered no prejudice from the trial court's failure to instruct on gross indecency.

3. Reversal is not mandated by reason of the trial court's providing the jury with written definitions of the charged and included offenses. Since written instructions are not prohibited by either case law or court rule, providing written instructions at a jury's request to clarify the prior oral instructions is a proper extension of the duty of the court to insure that the jury understands how to apply the law to the facts of the case, coupled with the trial court's discretion to provide supplemental instructions to the jury. While reversal is not mandated here because the defendant suffered no prejudice from the submission of the written instructions to the jury, the practice of providing written instructions to the jury should be avoided until such time as the Supreme Court decides to formulate a court rule relative to the use of written instructions.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — RELEVANCY — PROBATIVE VALUE — RULES OF EVIDENCE.

The blood-stained clothing of the complainant in a criminal sexual conduct trial is relevant evidence within the meaning of the Michigan Rules of Evidence where the questions of whether penetration occurred and whether such penetration was coerced are at issue and the proffered evidence had probative value because it corroborated the testimony of the complainant and an examining physician (MRE 401).

2. CRIMINAL LAW — EVIDENCE — RELEVANCY — PROBATIVE VALUE — PREJUDICE — RULES OF EVIDENCE.

The determination of whether relevant evidence should not be

admitted because its probative value is outweighed by its prejudicial impact is a question addressed to the trial court's discretion (MRE 403).

3. RAPE — CRIMINAL SEXUAL CONDUCT — LESSER INCLUDED OFFENSES — GROSS INDECENCY — STATUTES.

Gross indecency, which may consist of nonconsensual manual or oral sexual acts, may be considered to be a cognate lesser included offense of criminal sexual conduct in the third degree, which involves nonconsensual sexual penetration (MCL 750.338b, 750.520d[1][b]; MSA 28.570[2], 28.788[4][1][b]).

4. RAPE — CRIMINAL SEXUAL CONDUCT — JURY INSTRUCTIONS — INCLUDED OFFENSES — FAILURE TO INSTRUCT — PREJUDICE.

The erroneous refusal of a trial court to instruct the jury as to the lesser included offense of gross indecency in a trial for third-degree criminal sexual conduct does not mandate reversal where the jury is instructed as to attempted criminal sexual conduct in the third degree and criminal sexual conduct in the fourth degree and the jury returns a verdict of guilty of criminal sexual conduct in the third degree, since no prejudice to the defendant has been shown to have resulted from the failure to instruct on gross indecency.

5. CRIMINAL LAW — JURY INSTRUCTIONS — WRITTEN INSTRUCTIONS — DISCRETION — COURT RULES.

Reversal is not mandated by reason of a trial court providing, at the request of the jury, written definitions of the charged offense and the lesser included offenses where such written instructions are legally correct, since the trial court has the discretion to further instruct the jury, the written instructions functioned only to aid the jury in following the oral instructions with no apparent prejudice to the defendant and there is no rule or case law specifically prohibiting the use of written instructions; the use of written instructions, however, is not encouraged in the absence of a specific rule by the Michigan Supreme Court concerning the use of written instructions (GCR 1963, 516.4).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

*Thomas S. Ereland,* for defendant.

Before: Allen, P.J., and D. F. Walsh and G. R. McDonald,* JJ.

G. R. McDonald, J. Defendant James B. Medrano was found guilty by a jury of criminal sexual conduct in the third degree, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), and was sentenced to 7-1/2 to 15 years in prison. He now appeals as of right.

The prosecution's case was based primarily on the testimony of the complaining witness. She stated that on September 3, 1978, she voluntarily went on a motorcycle ride with defendant. Defendant drove to a park, where the two got off the motorcycle and walked to a tree near a clearing. There, defendant spread his coat on the ground, threatened complainant and removed her clothes. The two had sexual intercourse, during which defendant pulled up complainant's bra and sucked on her breasts. Defendant denied coercing or threatening complainant, claiming that the sexual relations were consensual. After intercourse, the parties went to a restaurant for lunch and defendant took complainant home. There, blood was discovered on complainant's pants.

Defendant initially claims on appeal that the trial court erred in refusing to suppress the admission into evidence of complainant's blood-stained slacks and underpants. Defendant challenged the admission into evidence of these articles at a pretrial suppression hearing on relevancy grounds, arguing that the probative value of the items was outweighed by their inflammatory nature. The trial court considered the possible prejudice to be minimal and denied defendant's motion.

MRE 401 defines "relevant evidence" as "evi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence". Here, the questions of whether penetration occurred and whether it was coerced were crucial to the determination of guilt or innocence. Complainant testified that she felt defendant's penis within her vagina and that it was painful. She further indicated that the blood stains on her clothes were not there prior to intercourse and that they were unrelated to menstruation. The physician who examined complainant following the incident testified that he found a bruising of the posterior portion of the opening to the vagina, with blood oozing from that location. He stated that the injury was consistent with attempted forced entry.

The slacks and underpants corroborated the testimony of complainant and the examining physician. As evidence they made it more probable that forced penetration took place. Thus, it is clear that the items had probative value. While relevant evidence may be suppressed if its probative value is substantially outweighed by its prejudicial impact, admission is nonetheless a matter within the trial court's discretion. MRE 403, *People v Ingram,* 36 Mich App 160, 162; 193 NW2d 342 (1971). Under the facts of this case we find no abuse of discretion.

Defendant also argues on appeal that the trial court erred in refusing to instruct on the offense of gross indecency, MCL 750.338b; MSA 28.570(2). While gross indecency is not a necessarily included lesser offense of third-degree criminal sexual conduct, the two offenses do have overlapping elements. Gross indecency may consist of oral or manual sexual acts committed without consent.

*People v Howell,* 396 Mich 16; 238 NW2d 148 (1976). Third-degree criminal sexual conduct essentially involves nonconsensual sexual penetration. Therefore, gross indecency may be considered a cognate lesser included offense. See *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). Complainant's testimony that defendant sucked on her breast without consent would have supported a guilty verdict of gross indecency and an instruction on that offense would have been appropriate. *Id.*

Nonetheless, the lower court's refusal to so instruct does not mandate reversal. Instructions were given on the lesser included offenses of attempted criminal sexual conduct in the third degree, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), MCL 750.92; MSA 28.287, as well as criminal sexual conduct in the fourth degree, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a), yet the jury convicted defendant of the charged offense. We conclude that the jury had no reasonable doubt as to defendant's guilt of the charged offense and that his conviction was not the result of the mere belief that he was guilty of *some* wrongdoing. The jury had ample opportunity to assuage any doubts by convicting defendant of one of the lesser offenses, but chose not to. Hence we perceive no prejudice in the trial court's refusal to instruct on gross indecency. *Cf., People v Herbert Ross,* 73 Mich App 588, 592; 252 NW2d 526 (1977).[1]

---

[1] *People v Richardson,* 409 Mich 126; 293 NW2d 332 (1980), does not mandate reversal in this case. In *Richardson,* jury rejection of the offense upon which the court refused to instruct could not be logically inferred from rejection of the lesser offenses actually instructed on. The defendant's theory of the case was that he did not intend for his actions to cause the decedent serious bodily harm. Instruction on second-degree murder and voluntary manslaughter did not provide an outlet for the jurors had they accepted the defendant's version of the incident. Here, defendant's request for instruction on gross indecency was based on his theory that complainant consented to intercourse,

Defendant's final claim on appeal is that the trial court erred in providing the jury with written portions of the jury instructions. During deliberations the jury requested written definitions of the charged and lesser included offenses. The court provided the attorneys with copies of the definitions, and all agreed that they were legally correct. Defendant argues on appeal that this procedure requires reversal, since it emphasized the offense elements to the detriment of other portions of the instructions. Defendant points out that the jurors did not receive additional instruction on the burden of proof and presumption of innocence, on circumstantial evidence, on the credibility of witnesses, on police officers as witnesses and on the defendant's theory of the case.

The issue is one of first impression in Michigan. We note initially that the purpose of instructions is to enable the jury to understand and apply the law to the facts of the case. *People v Lambert,* 395 Mich 296, 304; 235 NW2d 338 (1975). There is no contention that the original oral charge did not adequately perform this function. However, the jury's request reveals that its members were uncertain as to the definitions of the offenses and, perhaps, the differences between the offenses. It was within the trial court's discretion to further instruct the jury. GCR 1963, 516.4, *People v Johnson (On Rehearing),* 71 Mich App 602, 607; 248 NW2d 633 (1976). Because the written definitions only functioned to aid the jury in following the earlier oral instructions, no prejudice to defendant is apparent. *Cf., State v Frank,* 284 NC 137; 200 SE2d 169 (1973). Neither the court rules nor case law specifically prohibit the use of written instruc-

but not to having her breast sucked. However, if the jury had believed that theory it could have convicted defendant of criminal sexual conduct in the fourth degree.

tions. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 564. Therefore, we perceive no abuse of discretion in reinstructing in writing.

However, we do not intend this opinion to signal our general approval of the practice of providing juries with such written definitions. Specific rules outlining the proper procedure, as well as limits on the practice, are more appropriately left to the Supreme Court. While the use of written instructions has received approval in a majority of jurisdictions considering the question, the practice is not a matter beyond debate. 91 ALR3d 382. The usefulness of written instructions is obvious. Even in simple cases, instructions tend to be long and complex, and it may be unreasonable to expect oral instructions to be fully remembered. Access to written instructions could promote jury efficiency by saving the time spent in recollection and debate over what the instructions were. See *Copeland v United States,* 80 US App DC 308; 152 F2d 769 (1945). On the other hand, it is conceivable that written instructions might needlessly prolong deliberations. Jurors could endlessly reread a charge, debating real or imagined legal distinctions. Access could also cause undue weight to be given to particular portions of a charge. Because of a desire to make the written instructions identical to those given orally, delay in the commencement of the deliberations could result because of the time necessary to mechanically reproduce the oral charge. We conclude that, while written instructions may well serve as an important aid to the jury's function, widespread use would best be preceded by definitive guidelines from the Supreme Court. Nonetheless, we perceive no prejudice to defendant through the use of written instructions in this case.

Affirmed.