PEOPLE v MARSHALL

Docket No. 54986. Submitted March 5, 1982, at Lansing.—Decided
  April 21, 1982. Leave to appeal applied for.

Dennis M. Marshall was convicted of armed robbery and posses-
  sion of a firearm in the commission of a felony following a jury
  trial in Oakland Circuit Court, Frederick C. Ziem, J. At trial,
  the jury was instructed on armed robbery and unarmed rob-
  bery. Defendant's request for instructions on larceny from a
  person, attempted larceny from a person and larceny in a
  building was denied. Defendant appeals claiming reversible
  error in the failure to instruct on larceny from a person. *Held:*

  1. The failure to give requested additional instructions on a
  cognate lesser included offense was harmless error beyond a
  reasonable doubt. The jury was given an opportunity to exer-
  cise its mercy dispensing powers and find defendant guilty of a
  lesser offense but declined to do so.

  2. The requested additional instructions were not compatible
  with the defendant's alibi defense or defendant's degree of
  culpability. The failure to give the instructions did not prevent
  the jury from believing the defendant's defense, nor was the
  defendant prejudiced thereby.

  3. The failure to instruct on any requested record-supported
  cognate included lesser offense may, in certain circumstances,
  be held harmless.

  Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
    SES — HARMLESS ERROR.

  Any error on the part of a trial court in refusing to instruct a
  jury on larceny from a person in a trial for armed robbery is
  harmless beyond a reasonable doubt where the defendant's

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 75 Am Jur 2d, Trial § 876 *et seq.*
  What constitutes lesser offenses "necessarily included" in offense
    charged, under Rule 31(c) of Federal Rules of Criminal Procedure.
    11 ALR Fed 173.
[4] 50 Am Jur 2d, Larceny § 8.
  67 Am Jur 2d, Robbery §§ 2, 4, 7.

defense is alibi and where the jury is instructed on unarmed robbery and returns a verdict of guilty of the charged offense of armed robbery.

2. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — HARMLESS ERROR.

Refusal, in a prosecution for armed robbery, of a request to instruct the jury on larceny from a person, a cognate lesser included offense, was harmless error where the defendant's defense was alibi and, therefore, the instruction refused was not compatible with the degree of defendant's culpability or his theory of the case.

3. CRIMINAL LAW — LESSER INCLUDED OFFENSES — INSTRUCTIONS TO JURY.

A defendant has a right upon request to have the jury instructed on necessarily included offenses of the crime charged, and a right upon request to instructions on those cognate lesser included offenses which are supported by evidence in the record.

4. CRIMINAL LAW — ROBBERY — LESSER INCLUDED OFFENSES.

Larceny from a person is not a necessarily included offense of armed robbery (MCL 750.357, 750.529; MSA 28.589, 28.797).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James A. Cherry,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel, Wolfram, McDonald & Zipser,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and ALLEN and E. C. PENZIEN,* JJ.

ALLEN, J. On September 23, 1980, defendant, together with a codefendant, was convicted by a jury of armed robbery of a Chatham supermarket in Royal Oak on May 27, 1980, MCL 750.529; MSA

* Circuit judge, sitting on the Court of Appeals by assignment.

28.797, and possession of a firearm in the commission of such felony, MCL 750.227b; MSA 28.424(2). Sentenced on October 14, 1980, to two years imprisonment on the felony-firearm count and one to ten years imprisonment on the armed robbery count, defendant appeals as of right raising one issue.

Defendant offered no testimony or evidence at trial, but contended that because the robbers wore nylon stockings over their heads and their features were distorted, defendant could not be identified as one of the robbers with any reasonable certainty. According to defendant, the difficulty in identifying him as one of the robbers created a reasonable doubt as to his guilt. The jury was instructed on the elements of armed robbery and unarmed robbery. The trial judge denied defendant's request to charge the jury on larceny from a person, attempted larceny from a person, or larceny in a building.

Defendant argues that larceny from a person is a necessarily included lesser offense of armed robbery. According to defendant, the failure to give the requested instructions on the necessarily included offenses is per se reversible. The people admit that under authority of *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), error was committed, but contend that the error should not "automatically and unabashedly drive appellate courts to issue orders of reversal". The people urge this Court to employ the "harmless error" approach adopted in *People v Baker #2,* 103 Mich App 704, 713-714; 304 NW2d 262 (1981).

Under certain circumstances, this Court has found that a trial court's refusal to instruct on lesser included offenses was harmless error. In *People v Trout,* 95 Mich App 163; 290 NW2d 109 (1980), defendant was charged with breaking and

entering an occupied dwelling with intent to commit larceny, and the trial court instructed on three lesser included offenses: (1) attempted breaking and entering an occupied dwelling; (2) breaking and entering an unoccupied dwelling; and (3) entering without breaking a dwelling house. The court declined to give additional instructions on attempted larceny in a building, attempted breaking and entering an unoccupied dwelling, and attempted entering without breaking. Our Court sustained the conviction on grounds that where three lesser included offenses were instructed upon and the jury returned a verdict on the principal charge, no error occurred.

Similarly, in *People v Medrano,* 101 Mich App 577; 300 NW2d 636 (1980), defendant was charged with third-degree criminal sexual conduct (CSC-3). The trial court instructed on attempted CSC-3 and CSC-4 but refused to instruct on the cognate lesser offense of gross indecency. This Court affirmed the conviction on grounds that the jury had ample opportunity to convict the defendant on one of the lesser offenses but chose not to do so. In *Baker #2, supra,* defendant was charged and found guilty of CSC-1. The trial court instructed on the necessarily lesser included offense of CSC-3, but declined to instruct on the cognate offense of CSC-4. This Court found the error harmless on the dual grounds that (1) the jury was given the opportunity to find defendant guilty of a lesser offense but declined to do so, and (2) since defendant's theory was alibi, the failure to instruct on CSC-4 could not be prejudicial.

"Although the requested instruction on fourth-degree CSC should have been given, reversal is not required. Instructions were given on the lesser included offense of third-degree CSC, yet the jury convicted defendant of

the charged offense. We conclude that the jury had no reasonable doubt as to defendant's guilt of the charged offense. If the jury had doubts about defendant's guilt of the charged offense but believed him to be guilty of some wrongdoing, they could have found him guilty of third-degree CSC. They did not do so. Additionally, defendant's theory of the case was alibi. Thus, the trial court's failure to instruct on fourth-degree CSC did not prevent the jury from believing defendant's story. The jury found defendant's theory unbelievable. Hence, we perceive no prejudice in the trial court's refusal to instruct on fourth-degree CSC. *People v Medrano,* 101 Mich App 577; 300 NW2d 636 (1980), *People v Trout,* 95 Mich App 163; 290 NW2d 109 (1980), *People v Herbert Ross,* 73 Mich App 588; 252 NW2d 526 (1977)." *Baker #2,* 713-714. (Footnote omitted.)

*Baker #2* and the instant case are similar in two respects. In each case the trial court instructed on a lesser included offense but declined to instruct on an additional lesser offense when requested. In each case the defense of alibi was raised. Because of the similarity, we find the rationale of *Baker #2* controlling and hold that, in the case before us, the court's failure to give the requested additional instructions was harmless beyond a reasonable doubt. *People v Carter,* 412 Mich 214, 217; 313 NW2d 896 (1981).

Our conclusion that the harmless error test may be applied in the case before us is reinforced by the Supreme Court's language in *People v Richardson,* 409 Mich 126; 293 NW2d 332 (1980). In that case the defendant, Jesse Richardson, was tried and convicted of first-degree murder. His defense was an accidental killing, self-defense, and criminal negligence of the kind that attends involuntary manslaughter. At the close of proofs, defense counsel requested instructions on first-degree murder only. The trial judge denied the request

stating he would instruct on first- and second-degree murder. Counsel then requested instructions on the lesser offenses of both voluntary and involuntary manslaughter and reckless use of a firearm causing death or injury. The court refused to instruct on reckless use of a firearm and involuntary manslaughter, but did instruct on voluntary manslaughter. On appeal, the Court of Appeals stated that since evidence was adduced which would have supported a finding of involuntary manslaughter or reckless use of a firearm, the instructions should have been given. However, since the jury was given the option to convict on the lesser offenses of second-degree murder and voluntary manslaughter, the Court of Appeals found the error harmless. On appeal, the Supreme Court reversed saying:

"The doctrine of harmless error is stated in both court rule and statute. The essence of this doctrine is that: 'appellate courts should not reverse a conviction unless the error was prejudicial'. *People v Robinson,* 386 Mich 551, 562; 194 NW2d 709 (1972). In the present case, we find it unnecessary to decide whether the harmless error principle can be applied generally to the kind of instructional error that occurred below, *because even if such error could be harmless in some cases,* it clearly was prejudicial here.

\* \* \*

"The three offenses upon which the jury was instructed all involve activity which includes an intent to do great bodily harm or cause death. The two offenses upon which the defendant's request for instructions was denied involve conduct which is careless, reckless, or criminally negligent, and results in injury or death.

"Thus, the effect of the trial judge's refusal to instruct on the lesser offenses of involuntary manslaughter and reckless use of a firearm was to foreclose the jury's option to convict the defendant in accordance with his own testimony, evidence, and theory." *Richard-*

*son, supra,* 139-141. (Footnotes omitted, emphasis added.)

Though *Richardson* held that the failure to give the requested instructions on the lesser offenses was not harmless on the facts in that case, its language and reasoning clearly portends that in other situations the error may properly be found harmless. In *Richardson* the instructions which the court refused to give related to the degree of defendant's culpability and were compatible with his theory of defense. In the instant case, the instructions which the court declined to give were not compatible with defendant's theory of defense or defendant's degree of culpability. Defendant did not claim larceny from a person or larceny from a building. Instead, he admitted there was an armed robbery but asserted misidentification, claiming he was not one of the robbers.[1] The jury was given the opportunity to use its mercy powers by finding defendant guilty of the lesser offense of unarmed robbery. The jury refused to do so because they found defendant's theory untenable. Thus, as in *Trout, Medrano,* and *Baker #2, supra,* the error is "harmless".

It might be argued that *Trout, Medrano, Baker #2* and *Richardson* are distinguishable because in each of those cases the instruction which the court refused to give was for a *cognate* offense. The relevance of distinguishing between a cognate and necessarily included lesser offense instruction is explained in *People v Herbert Ross,* 73 Mich App

---

[1] In closing argument, counsel for defendant stated: "Examine all that, when you are in the jury room, trying to determine whether or not the people have met their burden. For, as I maintain here, I think the evidence shows that there was an armed robbery committed, I won't quarrel with that; the question, as far as my client is concerned, is whether or not the people have proven that Dennis Marshall committed that armed robbery."

588, 593; 252 NW2d 526 (1977), where the Court said:

"Although the undisputed evidence may be compatible only with a verdict of guilty of the greater offense or not guilty, the trial court must always instruct, nevertheless, on a necessarily included lesser offense since the Supreme Court has ruled that in such a case 'the evidence will always support the lesser if it supports the greater'. *People v Ora Jones, supra,* at 390, *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976)."

In *People v Kamin,* 405 Mich 482, 493; 275 NW2d 777 (1979),[2] the Supreme Court further explained the distinction:

"Pursuant to *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), it is clear that a defendant has a right upon request to have the jury instructed on necessarily included offenses. Further, a defendant has a right upon request to jury instructions on those cognate lesser included offenses which are supported by record evidence.

"The automatic instruction rule for necessarily lesser included offenses removed the need for the trial judges to review the record in order to determine whether or not there is evidence to support a verdict on the lesser offense. Review of the record for evidentiary support is now in order only when the defense requests that the jury be instructed on a cognate lesser included offense." (Footnotes omitted.)

However, in *Kamin, supra,* the Supreme Court also stated that larceny from a person was a lesser *cognate* offense of armed robbery. *Id.,* 501. Thus, all three of the instructions requested by counsel

---

[2] Cited as *People v Kamin,* but is a consolidation of four separate cases: *People v Kamin, People v Austin, People v Cargill* and *People v Harrison.*

but which the trial court refused to give in the instant case (larceny from a person, attempted larceny from a person, and larceny in a building) pertained to cognate offenses. Therefore, *Trout, Medrano, Baker #2* and *Richardson, supra,* all of which involve requests for instructions on lesser cognate offenses and in all of which this Court found the error to be harmless, remain solid authority for finding harmless error in the instant case.

At oral argument, defendant cited this jurist's opinion in *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978), as authority for precluding a holding of harmless error in the instant case. We disagree. First, the claim of harmless error was not raised nor even discussed in *Green,* and at the time *Green* was written, *Trout, Medrano* and *Baker #2* had not been decided. Second, in *Green* the trial judge did instruct on larceny from a person and unarmed robbery, but refused to instruct on attempted unarmed robbery and attempted larceny from a person. Here, counsel did not request instructions on attempted unarmed robbery. Third, and most importantly, *Green* treated larceny from a person as a *necessarily included* lesser offense, which under *Ora Jones, supra,* and *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), required the court to give the instruction on the lesser offense when requested.[3]

---

[3] "The same logic supporting the decision in *Lovett* should apply to a requested attempt instruction to unarmed robbery and larceny from a person. Hence, we conclude that the attempts to unarmed robbery and larceny from a person are necessarily included lesser offenses to their greater, completed offenses. *Since the offenses of unarmed robbery and larceny from a person are necessarily included lesser offenses of armed robbery,* the lesser attempt offenses of these two theft offenses are also necessarily included lesser offenses of armed robbery. It was consequently error to refuse to give the requested instruction to attempted unarmed robbery, attempted larceny from a person, and attempted armed robbery." *Green, supra,* 149-150. (Emphasis added.)

However, as noted, the Supreme Court in *Kamin, supra,* has now ruled that larceny from a person is a lesser included *cognate* offense of armed robbery. Consequently, our opinion in *Green, supra,* is no longer controlling on this issue.

Nevertheless, defense counsel strongly argues that even though the instructions requested in the instant case were for cognate offenses, the Supreme Court's decision in *Kamin* precludes a finding of harmless error where, as here, the record supports a finding of the requested lesser cognate offense. One of the four defendants in *Kamin* was Cargill who, testifying in his own defense on a charge of armed robbery, presented an alibi defense. At the close of proofs, defense counsel requested instructions on five lesser offenses.[4] The trial judge declined to give any of the requested instructions on grounds that there was no evidence of record supporting the lesser offenses. The Supreme Court held that this was error:

"The trial judge erred in refusing to honor defense counsel's request for instructions on robbery unarmed, assault with intent to commit robbery while armed, and attempt to commit robbery unarmed. They are necessarily lesser included offenses of armed robbery, the crime with which defendant was charged. It was also error to refuse instruction on the lesser cognate offense of larceny from the person.

"Assault and battery need not have been instructed upon in the instant matter under the policy we announced in *Chamblis, supra,* 429. Because it is a misdemeanor punishable by less than one year and the charged offense of armed robbery is a felony punishable by more than two years it was not error for the trial court to have refused instruction on the charge.

"We reverse defendant's conviction and remand to the trial court for entry of a judgment of conviction of

---

[4] Robbery unarmed, assault with intent to commit robbery while armed, attempt to commit robbery unarmed, larceny from the person, and assault and battery.

attempt to commit robbery unarmed and resentencing, with an option afforded the prosecutor to retry defendant on the original charge of armed robbery." *Cargill, supra,* 500-501.

While *Cargill* is similar to the instant case in that an alibi defense was presented and a request was made for an instruction on the lesser charge of larceny from the person, it is different in four significant respects. No lesser included offenses were charged. Thus, unlike the situation here and in *Baker #2, Medrano* and *Trout, supra,* the jury was given no opportunity to exercise its mercy dispensing powers. The claim of harmless error was never raised nor discussed. Request was made for an instruction on attempted unarmed robbery. The relief granted, *viz:* entry of judgment of the lesser offense of attempt to commit unarmed robbery, would appear to be precluded in the instant case since the jury was given the opportunity but declined to find defendant guilty of unarmed robbery.

In summary, defendant's thesis appears to be that failure to instruct on *any* requested record-supported cognate included lesser offenses usurps the jury's function and thus can *never* be held to be harmless. We reject that thesis. The Supreme Court has not so broadly held, and in *Richardson, supra,* has intimated that in certain situations a refusal to give instructions on lesser included cognate offenses may be harmless. Further, this Court in several cases herein mentioned has held that refusal to instruct on lesser included offenses *may* be harmless. Likewise, we recognize that in some factual circumstances the refusal to instruct on lesser offenses may not be harmless. *Cargill* and *Richardson, supra.* But until the Supreme Court holds otherwise, we find here that the error was harmless, and we will continue to so find in situa-

tions not inconsistent with substantial justice or not resulting in a miscarriage of justice.[5]
  Affirmed.

---

[5] GCR 1963, 529.1; MCL 769.26; MSA 28.1096.